UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY MACDONALD and TAMMY MACDONALD, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | 21 C 6070 |
| SERVIS ONE, INC. d/b/a BSI FINANCIAL SERVICES; STATEBRIDGE COMPANY, LLC; and TRANS UNION LLC, | ) ) ) ) | Judge Charles P. Kocoras |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION

Before the Court are two motions: Defendant Servis One, Inc. d/b/a BSI Financial Services' ("BSI") Motion to Dismiss Count V of Plaintiffs' First Amended Complaint ("FAC") under Federal Rule of Civil Procedure 12(b)(6); and Defendant Statebridge Company, LLC's ("Statebridge") Motion to Dismiss Count VI of Plaintiffs' FAC under Rule 12. For the reasons that follow, the Court denies both Motions.

## BACKGROUND

For the purposes of these Motions, the Court accepts as true the following facts from the FAC. *Alam v. Miller Brewing Co.*, 709 F.3d 662, 665–66 (7th Cir. 2013). All reasonable inferences are drawn in Plaintiffs' favor. *League of Women Voters of Chi. v. City of Chi.*, 757 F.3d 722, 724 (7th Cir. 2014).

Defendants BSI and Statebridge are mortgage servicing companies that service residential mortgage loans. Plaintiffs are the owners of the property located at 5950 North Kenmore Avenue, Apartment 101, Chicago, Illinois, 60660 (the "Kenmore Property"). In August 2002, Plaintiffs executed a mortgage and promissory note encumbering and secured by the Kenmore Property (the "Kenmore Mortgage"). On October 14, 2005, Plaintiffs filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Indiana. The Kenmore Mortgage was listed among the debts on Schedule F of the bankruptcy petition and on all subsequently filed Schedules. On August 1, 2006, Plaintiffs were granted a discharge and did not reaffirm the Kenmore Mortgage debt. The discharge eliminated Plaintiffs' personal liability for the Kenmore Mortgage, but it remained a lien against the Kenmore Property and Plaintiffs continued to make post-discharge payments. As of the date of filing of the FAC, Plaintiffs are current on payments under the Kenmore Mortgage.

Statebridge serviced the Kenmore Mortgage between July 2014 and August 2016. Plaintiffs allege Statebridge furnished and continued to furnish inaccurate information regarding Mr. MacDonald to Trans Union regarding the Kenmore Mortgage, and Trans Union reports list the Kenmore Mortgage under "Adverse Accounts." In early 2021, Mr. MacDonald sent a dispute to Trans Union to notify it that the Kenmore Mortgage account was discharged in bankruptcy and requested that the Statebridge account be deleted because it was inaccurate and obsolete. On

information and belief, Plaintiffs allege Trans Union notified Statebridge of the disputes. Plaintiffs claim Statebridge failed to conduct a reasonable investigation once notified of the dispute. Instead, in response to Mr. MacDonald's dispute, Statebridge purportedly verified the information it furnished regarding the Kenmore Mortgage was complete and accurate.

The servicing of the Kenmore Mortgage was transferred from Statebridge to BSI in August 2016, and BSI serviced the Kenmore Mortgage between August 2016 and May 2018. Plaintiffs allege BSI furnished and continues to furnish derogatory, false, misleading, and obsolete information regarding Mrs. MacDonald to Trans Union regarding the Kenmore Mortgage. In March 2020, Mrs. MacDonald's Trans Union report listed the Kenmore Mortgage account under "Adverse Accounts." In July 2020, Mrs. MacDonald sent a dispute to Trans Union to notify it that the Kenmore Mortgage account was discharged in bankruptcy and requested that the Statebridge account be deleted because it was false, misleading, and obsolete. On information and belief, Plaintiffs allege that Trans Union notified BSI of the dispute but BSI failed to conduct a reasonable investigation upon receiving notice of the dispute.

BSI continued to furnish Trans Union with the false, misleading, and obsolete information, and Mrs. MacDonald sent another dispute to Trans Union in January 2021. On information and belief, Trans Union notified BSI of the dispute, and BSI again failed to conduct a reasonable investigation. BSI continues to furnish Trans Union with this inaccurate information.

Plaintiffs allege their application for a home equity loan was denied in March 2021 as a result of the information being furnished by BSI and Trans Union. The adverse notice they received from the bank stated that the denial was due to "collection action or judgment" and "delinquent past or present credit obligations with others." As a result of the denial, Plaintiffs were forced to sell their investment property and use the proceeds to pay off their credit card debt. With the sale of the investment property, Plaintiffs lost the opportunity to continue renting it out at a profit.

Plaintiffs attempted to refinance the mortgage on their primary residence in August 2021 but received an Adverse Action Notice that reflected Plaintiffs' creditworthiness and credit scores were negatively impacted. On information and belief, Plaintiffs allege the credit denial was caused by the false and obsolete information being furnished and reported by Defendants, and Defendants' failure to correct the false reporting after it was disputed. Plaintiffs allege they have suffered a range of actual damages, including loss of credit opportunity, loss of rental income, loss of economic opportunities, damage to reputation, and emotional distress.

Plaintiffs filed a six-count FAC against Trans Union, Statebridge, and BSI alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*. In Counts V and VI, Plaintiffs allege that each time Trans Union sent notice of Plaintiffs' disputes to Statebridge and BSI, Statebridge and BSI willfully, or in the alternatively, negligently, violated their obligations under 15 U.S.C. § 1681s-2(b).

BSI moves to dismiss Count V against it under Rule 12(b)(6) arguing Plaintiffs cannot establish that BSI reported inaccurate information or that BSI failed to adequately investigate; the statute of limitations bars any violation before November 12, 2019; and Plaintiffs' negligence claim fails for lack of damages. Statebridge moves to dismiss Count VI against it on the same bases.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The Court accepts as true well pled facts in the complaint and draws all reasonable inferences in favor of the plaintiff. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). The allegations in the complaint must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A plaintiff need not provide detailed factual allegations, but it must provide enough factual support to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the . . . claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a Rule 12(b)(6) motion to dismiss. *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). A claim is facially plausible if the complaint contains sufficient alleged facts that allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

## DISCUSSION

Entities that report consumer information to credit reporting agencies ("CRAs") are called "furnishers" of information, which are creditors, lenders, utility companies, and other entities with information about a consumer's credit who send such information to CRAs. 15 U.S.C. §§ 1681a, 1681s-2. Section 1681s-2(a) of the FCRA prohibits furnishers from reporting information about consumers to CRAs that the furnisher reasonably believes is incomplete or inaccurate. *See* 15 U.S.C. § 1681s-2(a). There is no private right of action for the wrongful reporting itself, *Purcell v. Bank of Am.*, 659 F.3d 622, 623 (7th Cir. 2011), but Section 1681s-2(b) provides a cause of action where a furnisher fails to properly investigate a dispute over whether information it has provided is incomplete or inaccurate. *See, e.g., Westra v. Credit Control of Pinellas*, 409 F.3d 825, 827 (7th Cir. 2005).

In order state a claim for a violation of Section 1681s-2(b), a plaintiff must plausibly allege facts that, if proven would show that (1) the plaintiff disputed an inaccuracy by notifying a CRA, (2) the CRA contacted the furnisher to alert it to the dispute, and (3) the furnisher failed to adequately investigate and correct the allegedly inaccurate information in question. *See Westra*, 409 F.3d at 827; *Freedom v. Citifinancial, LLC*, 2016 WL 4060510, at *5 (N.D. Ill. 2016). Courts have held that

6

"inaccurate" information, for the purposes of a complaint under the FCRA, includes both factually incorrect information and information that creates a misleading impression. *See Jackson v. Experian Info. Sols., Inc.*, 2016 WL 2910027, at *3 (N.D. Ill. 2016) (collecting cases). With these standards in mind, we address Defendants' Motions in turn.

### I. BSI's Motion to Dismiss

Count V against BSI is brought by Plaintiff Tammy MacDonald. BSI argues Count V must be dismissed because Mrs. MacDonald failed to sufficiently allege all the elements required to sustain a claim for violation of Section 1681s-2(b). Specifically, BSI says the claim fails because BSI accurately reported that the Kenmore Mortgage had a $0 balance and because BSI conducted a reasonable investigation into Mrs. MacDonald's dispute. BSI also contends Mrs. MacDonald's negligent violation of the FCRA claim additionally fails because the allegations demonstrate as a matter of law that BSI did not proximately cause the damage Plaintiffs complain about.

Mrs. MacDonald alleges the information furnished by BSI was inaccurate and misleading because it is being reported more than seven years after the debt was discharged; there is no indication the debt is disputed; the account does not include a Bankruptcy Consumer Information Indicator; and because the account is not 60 days past due and the payment information is inaccurate.

A furnisher's decision to report a debt without any mention of a dispute can be "misleading in such a way and to such an extent that it can be expected to have an

7

adverse effect." *Saunders v. Branch Banking and Tr. Co. of VA*, 526 F.3d 142, 150 (4th Cir. 2009); *see also Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1164 (9th Cir. 2009) ("A disputed credit file that lacks a notation of dispute may well be "incomplete or inaccurate" within the meaning of the FCRA, and the furnisher has a privately enforceable obligation to correct the information after notice."). Additionally, "merely reporting a zero balance after a bankruptcy discharge [is not] sufficient to avoid inaccurate reporting under the FCRA" if the credit report also includes additional inaccurate information that makes the credit report inaccurate or misleading as a whole. *Hupfauer v. Citibank, N.A.*, 2016 WL 4506798, at *5 (N.D. Ill. 2016) (citing *Freedom*, 2016 WL 4060510, at *6); *Jackson*, 2016 WL 2910027, at *5.

Moreover, a furnisher's failure to accurately report a debt that has been "discharged" in bankruptcy can form the basis of an actionable Section 1681s-2(b) claim. *See, e.g.*, *Freedom*, 2016 WL 4060510, at *6 (denying motion to dismiss FCRA claim where the plaintiff alleged that a furnisher reported a zero balance and other information after a bankruptcy discharge without also indicating the discharge); *Venugopal v. Dig. Fed. Credit Union*, 2013 WL 1283436, at *3 (N.D. Cal. 2013) ("[W]hile Defendant's reporting to Experian about the alleged debt may have been technically accurate, it still could have been misleading so as to materially alter the understanding of the debt" because "Defendant failed to report to Experian that Plaintiff's debt had been discharged as a result of the bankruptcy petition."); *see also In re Henriquez*, 536 B.R. 341, 349 (Bankr. N.D. Ga. 2015) (noting, in determining

8

whether reporting of a discharged loan was inaccurate and thus violating the bankruptcy discharge injunction, that "[t]he Loan was reported as discharged and as having a balance of zero; this is precisely how a discharged loan should be reported"); *In re Helmes*, 336 B.R. 105, 107 (Bankr. E.D. Va. 2005) ("The debtor asserts—and the bank agrees—that industry standards require that a debt discharged in bankruptcy be reported to a credit reporting agency with the notation 'Discharged in bankruptcy' and with a zero balance due."). In the Court's view, determining whether credit information is misleading is often a task better suited for a jury, rather than for the Court at the motion to dismiss phase. Here, the allegations of the Complaint plausibly allege BSI may have reported inaccurate or misleading information.

Mrs. MacDonald further alleges BSI failed to conduct a reasonable investigation because BSI did not contact Mrs. MacDonald or anyone else to request additional information or verify the information it was reporting was accurate. Mrs. MacDonald also says a cursory review of BSI's own records and publicly available bankruptcy records would have revealed the account was obsolete and the information being furnished by BSI was misleading regarding Mrs. MacDonald's liability for the debt and whether she was delinquent on payments.

The fact that BSI did not contact Mrs. MacDonald alone does not make BSI's investigation unreasonable. *Westra*, 409 F.3d at 827 ("requiring a furnisher to automatically contact every consumer who disputes a debt would be terribly inefficient and such action is not mandated by the FCRA"). However, whether a defendant's

9

investigation is reasonable is a question of fact normally reserved for trial or summary judgment. *Id.*; *see also Walton v. EOS CCA*, 885 F.3d 1024, 1028 (7th Cir. 2018); *Asufrin v. Roundpoint Mortg. Servicing Corp.*, 2016 WL 1056669, at *4 (N.D. Ill. 2016) ("At this stage, we only consider whether Plaintiff has sufficiently alleged a violation of [Section] 1681s-2(b) and do not question whether Defendant's investigation was reasonable."). At this stage, the Complaint sufficiently alleges BSI failed to conduct a reasonable investigation.

BSI argues that Mrs. MacDonald's claims for violations that occurred before November 12, 2019 (two years prior to the filing of Plaintiffs' original complaint), should be dismissed as barred by the FCRA's statute of limitation. Mrs. MacDonald contends this argument is premature, and the Court agrees. "[B]ecause the period of limitations is an affirmative defense it is rarely a good reason to dismiss under Rule 12(b)(6)." *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1030 (7th Cir. 2004); *see also Sidney Hillman Health Ctr. of Rochester v. Abbott Lab'ys., Inc.*, 782 F.3d 922, 928 (7th Cir. 2015) ("Dismissing a complaint at the pleading stage is an unusual step, since a complaint need not anticipate and overcome affirmative defenses, such as the statute of limitations. Further, these defenses typically turn on facts not before the court at that stage in the proceedings.") (cleaned up). And, in any event, Mrs. MacDonald admits she does not currently seek to recover from BSI for Section 1681s-2(b) that occurred prior to two years before the Complaint was filed, as both of the disputes mentioned in the FAC occurred after July 2020.

10

Finally, BSI argues for dismissal because Mrs. MacDonald does not sufficiently allege that BSI's actions proximately caused the damages claimed. In order to obtain an award of damages, a plaintiff bringing a FCRA claim must allege a causal relationship between the FCRA violation and the loss of credit or some other harm. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 664 (7th Cir. 2001).

In the FAC, Plaintiffs allege they were denied credit because of the false and obsolete information furnished and reported by Defendants and Defendants' failure to correct the false reporting after it was disputed. Plaintiffs allege they have suffered a range of actual damages, including loss of credit opportunity, loss of rental income, loss of economic opportunities, damage to reputation, and emotional distress. Discovery may prove otherwise, but at this point Plaintiffs allegations plausibly suggest that BSI's FCRA violations caused the damages claimed. *See Freedom*, 2016 WL 4060510, at *7 (denying motion to dismiss because the plaintiff alleged, among other damages, that because of the defendant's inaccurate reporting, he suffered the loss of credit, the loss of ability to purchase and benefit from a credit line, and that credit decisions were based "in whole or in part" on information obtained from the defendant).

For all of these reasons, BSI's Motion to Dismiss is denied.

## II. Statebridge's Motion to Dismiss

Count VI against Statebridge is brought by Mr. MacDonald. In its Motion to Dismiss, Statebridge adopts BSI's arguments made in support of its Motion to Dismiss Mrs. MacDonald's claim in Count VI.

11

Statebridge first argues Mr. MacDonald's claim against it is untimely because the Complaint shows that the date Statebridge last furnished information to TransUnion regarding Mr. MacDonald was October 26, 2016, more than five years before the original complaint was filed. But Statebridge's argument is based on a misreading of the FCRA. The FCRA's statute of limitations expires the earlier of (1) two years after discovery by the plaintiff of the violation, or (2) five years after the violation. 15 U.S.C. § 1681p.

The statute of limitations begins to run on a Section 1681s–2(b) claim not when the plaintiff discovers the erroneous reporting but when it becomes clear that the furnishing entity or entities "failed to comply with their FCRA duties" to investigate and correct any erroneous reports. *Zahran v. Bank of Am.*, 2015 WL 4397779, at *4 (N.D. Ill. 2015) (quoting *Marcinski v. RBS Citizens Bank, N.A.,* 36 F. Supp. 3d 286, 290 (S.D.N.Y. 2014)). Mr. McDonald disputed the information in early 2021, and this lawsuit was filed less than two years later. In any event, a statute of limitations defense is an affirmative defense that a complaint needn't anticipate or plead against. *Xechem, Inc. v. Bristo-Meyers Squibb Co.*, 372 F.3d 889, 901 (7th Cir. 2004).

Statebridge next argues Mr. MacDonald failed to allege sufficient facts to state a cause of action, adopting BSI's arguments addressed above that the FAC fails to allege any non-conclusory facts that would show that Statebridge failed to conduct a reasonable investigation into Mr. MacDonald's dispute. For the reasons explained above, the Court rejects these arguments as they pertain to Statebridge's motion.

Lastly, Statebridge argues the Complaint does not allege Statebridge caused any of the damages claimed. But, for the reasons discussed pertaining to Mrs. MacDonald's claims of damages with respect to BSI, the Court finds the allegations in the FAC plausibly suggest Statebridge's alleged violations of the FCRA caused the damages claimed.[1]

For all these reasons, Statebridge's Motion to Dismiss is denied.

## CONCLUSION

For the foregoing reasons, the Court denies Defendant BSI's Motion to Dismiss [26] and denies Defendant Statebridge's Motion to Dismiss [34]. Status is set for 6/30/2022 at 10:00 a.m. It is so ordered.

Dated: 05/24/2022

Charles P. Kocoras
United States District Judge

---

[1] It is true that in paragraph 120, Mr. MacDonald alleges that he has suffered damages as a result of Statebridge's purported FCRA violations, but then in paragraph 121 he then alleges "Said injuries are distinguishable and attributable solely to Defendant BSI and occurred as a result of actions taken independently by BSI." Dkt. # 23, ¶¶ 121–22. The Court, however, attributes this discrepancy to a scrivener's error.